# ORPHANS' COURT OF BALTI-MORE CITY

Filed January 9, 1901.

IN THE MATTER OF THE ESTATE OF GEORGE R. BERRY, DECEASED.

*Wm. Pinkney Whyte, Edgar H. Gans* and *Chas. E. Hill* for petitioner.

*Thomas R. Clendenin* and *Wm. Colton* for caveators.

Argued before SAVAGE, C. J., BLOCK and O'BRIEN, JJ.

SAVAGE, C. J., and BLOCK, J., concurred.

O'BRIEN, J.—

The case comes before the Court on a petition filed December 28th, 1900, by the Safe Deposit and Trust Company of Baltimore City, executor of the last will and testament of George R. Berry, deceased.

The petition prays the Court to pass an order rescinding an order of Court passed on the 28th day of December, 1900, which said order "adjudged, ordered and decreed that the paper writing dated the 10th day of February, 1899, purporting to be the last will and testament of George R. Berry, deceased, is not his last will and testament, and that the probate heretofore taken, admitting the same to probate as and for his last will and testament, be and the same is hereby revoked; and also that the costs of this Court and of the Superior Court of Baltimore City, arising out of the framing, transmission and final determination of said issues be paid out of the estate."

It appears that the order of this Court of December 28, 1900, which is sought to be rescinded, was passed by this Court at the request of the counsel for the caveators, and was based upon the alleged fact that a copy of the record of the proceedings in the Superior Court of Baltimore City, duly authenticated by the clerk of said Court, had been on December 27th, 1900, filed in this Court.

It is claimed by the executor that the said order should be rescinded; first, because this Court acted without jurisdiction in passing the order, the certificate filed not being a full and complete record, but merely a certificate of the Clerk of the Superior Court of the correctness of certain docket entries, which certificate had been obtained by one of the counsel of the caveators and filed by him in this Court, and the said certificate was not a complete and regular transcript of the proceedings of the Superior Court, and was not the independent act of said Court; and second, that the said order of December 28th was improvidently passed; an order for appeal having been entered in the Superior Court prior to the passage of said order by this Court.

It is contended on the part of the caveators that the certificate filed on December 27th, 1900, is a sufficient record for the action and judgment of the Orphans' Court; and that it was the duty of the Orphans' Court, upon the filing of said certificate, to pass the order of December 28th, 1900. With this brief statement of the issue pending, and after fully considering the same and the arguments of counsel, we are of opinion, first, that the certificate filed December 27th, 1900, is not as full and complete a record or transcript as is usually prepared in like

cases and sent to the Orphans' Court; second, that even if it were full and complete, it having been obtained and filed by counsel, and not being, nor intended to be, the independent act of the Superior Court through its Clerk (as shown by the testimony of the said Clerk), it is not such a transcript of record as would authorize the passing by the Orphans' Court of a final order, such as the order of December 28th, 1900.

Further, we are of the opinion that having been passed by this Court after the order of appeal had been prayed and filed in the Superior Court of Baltimore City, (of which fact we had no knowledge at the time of the passing of the order), it is now our duty to pass an order rescinding the order of December 28th, 1900; for it is manifest that it would be improper for the Orphans' Court to take any action whatsoever, whilst an appeal was pending.

An order will, therefore, be passed rescinding the order of this Court of the 28th of December, 1900.